UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POINT RUSTON, LLC; MICHAEL A. COHEN; and SILVER CLOUD, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; JOBS WITH JUSTICE EDUCATION FUND OF WASHINGTON STATE, a non-profit corporation; JIMMY MATTA, individually and as a representative of the Regional Council; JIMMY HAUN, individually and as a representative of the Regional Council; JACOB CARTON, individually and as a representative of Jobs With Justice; ADAM HOYT, individually and as a representative of Jobs With Justice; and Does 1-50, <br><br>Defendants. | CASE NO. C09-5232BHS <br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS IN RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA. JIMMY MATTA, AND JIMMY HAUN |

This matter comes before the Court on Plaintiffs' motion to compel production of documents (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. ASSOCIATIONAL PRIVILEGE

On September 10, 2009, Plaintiffs filed their motion to compel production of documents. Dkt. 77. Defendants Pacific Northwest Regional Council of the United Brotherhood of Carpenters and Joiners of America, Jimmy Matta, and Jimmy Haun

ORDER – 1

| | |
|---|---|
| 1 | (hereinafter referred to as "Carpenters") filed a response on September 21, 2009. Dkt. 81. |
| 2 | On September 25, 2009, Plaintiffs filed a reply. Dkt. 86. |

Plaintiffs made several requests for documents relating to Carpenters' "demonstration and picketing activities." Dkt. 77 at 2. Carpenters refused to disclose the requested documentation on the basis that such production "calls for a legal conclusion because it seeks an admission that Defendants have engaged in 'picketing.'" *Id.* at 3 (citing Hunt Decl., Ex. 3, Resp. to Req. Nos. 1-5, 7-8, 14-24, 29, 31, 24-27, and 41-43). Plaintiffs claim that they did not request this information to establish any admission by Carpenters or to draw any legal conclusions. Dkt. 77 at 4.

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Carpenters assert no such privilege, and the materials requested appear relevant to Plaintiffs' claim(s).

Therefore, while the Court will not order Plaintiffs to agree that they will not use the information to imply an admission by Carpenters, or a legal conclusion, it will note that Carpenters are simply providing Plaintiffs responsive, nonprivileged documents to a discovery request, nothing more. *See* Fed. R. Civ. P. 26(b)(1).

## II. ELECTRONIC DISCOVERY

The parties' pleadings also discuss the need to conduct e-discovery in this case. *See* Dkts. 77, 81, 86. The Court directs the parties to meet and confer in good faith and develop a plan going forward with respect to any e-discovery needs in this case.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel is **GRANTED**, and the parties are directed to proceed as stated herein.

DATED this 30th day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3