UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

POINT RUSTON, LLC; et al.,

    Plaintiffs,

v.

PACIFIC NORTHWEST REGIONAL
COUCIL OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA, et al.,

    Defendants.

CASE NO. C09-5232BHS

ORDER DENYING
DEFENDANTS' MOTIONS
TO COMPEL

This matter comes before the Court on Defendants' motions to compel, Dkt. 97 and Dkt. 114. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions as discussed herein.

**I. PROCEDURAL HISTORY**

On October 28, 2009, Defendants filed a motion to compel documents (set one). Dkt. 97. On November 5, 2009, Plaintiffs filed their response (Dkt. 104) and on November 13, 2009, Defendants replied (Dkt. 110). Also on November 13, 2009, Defendants filed a motion to compel Plaintiffs to produce an index for the documents produced and a complete privilege log. Dkt. 114. On November 25, 2009, Plaintiffs

ORDER - 1

1 responded to this motion for an index and privilege log (Dkt. 125), and on December 4,
2 2009, Defendants replied (Dkt. 127).

## II. DISCUSSION

The Court finds these motions interrelated and, therefore, addresses them together. As an initial matter, the Court notes that it is unfortunate the parties could not resolve these issues without the Court's aid.

**A.  Possession, Custody, or Control (Dkt. 97)**

Federal Rule of Civil Procedure 34(a)(1) permits a party to "serve on any other party a request [for documents] within the scope of Rule 26(b) . . . [that are] in the responding party's *possession, custody, or control*." The rule is explicit that producing documents that are simply in the responding party's "possession" is insufficient. *Id.*

With respect to the discovery request at issue, Plaintiffs confirmed by letter "dated October 20, 2009, . . . that they would be producing 'responsive, locatable, non-privileged documents *in their possession*.'" Dkt. 105, Declaration of Richard C. Hunt (Hunt Decl.) ¶ 7 (emphasis added) (citation omitted). Defendants, unsatisfied with this confirmation, demanded that Plaintiffs produce or represent that they have produced "all responsive documents within [their] '*possession, custody or control*.'" Dkt. 97 at 3; *see also* Hunt Decl. ¶ 5.

Defendants appear to be asking Plaintiffs to simply comply or represent they have complied with the rules of civil procedure. However, Plaintiffs have already represented as much. Plaintiffs have stated that, "other than . . . privileged or confidential documents, [Plaintiffs have] produced all responsive documents they could locate after a reasonable and good faith search. In the event additional responsive documents are located, [P]laintiffs will supplement their responses at that time." *See* Hunt Decl. ¶ 11; *see also* Dkt. 114 at 6 n. 1 (Plaintiffs noting that Defendants have not been deprived of any discovery for which they are entitled). These statements are sufficient to satisfy

Defendants' need for Plaintiffs to represent they have complied with and will continue to comply with the federal rules of civil procedure.

Additionally, the federal rules of civil procedure provide Defendants with adequate tools for resolving this type of conflict should the need arise. First, Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information . . . as required by Rule [26(e)], the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Because the Court has heard this instant motion, it is unlikely that any later showing that Plaintiffs failed to properly disclose documents that were in their possession, custody, or control will be found "substantially justified" under Rule 37(c)(1). Second, Fed. R. Civ. P. 11 also provides Defendants with a tool for sanctions, when necessary.

Therefore, the Court denies Defendants' motion to compel on this issue.

**B. Index for Produced Documents (Dkt. 114)**

> Pursuant to Federal Rules of Civil Procedure 34 and 37, Defendants move the Court for an order 1) requiring Plaintiffs to provide an index for the approximately 6,237 documents produced in response to Defendant Jimmy Matta's Requests for Production of Documents or to categorize them to correspond to each document production request; 2) requiring Plaintiffs to provide a complete privilege log; and 3) requiring Plaintiffs to amend their responses to Defendant Jimmy Matta's Requests for Production of Documents to indicate the requests for which Plaintiffs have produced documents.

Dkt. 114 at 1.

Pursuant to the federal rules of civil procedure, "a party must produce documents *as they are kept* in the usual course of business *or* must *organize and label* them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). This rule gives the producing party an option to produce documents as kept or to organize the documents in a meaningful manner.

Here, Defendants assert that the documents, Bates numbers 00001-06237, were produced in two boxes with no index or table of contents and that nothing

ORDER - 3

indicated which documents corresponded to which category of request. Dkt. 115, Declaration of Daniel M. Shanley (Shanley Decl.) ¶¶ 5, 6. To resolve this issue, it appears Plaintiffs, subsequent to the filing of the instant motion, provided "an index of the documents produced, identified by Bates number ranges, showing where documents are maintained, the identity of the custodian of the documents and the sources of the documents." Dkt. 126, Hunt Decl. ¶ 7. The Court has reviewed this index. Dkt. 128, Shanley Decl., Ex. 4. The Court finds that this document appears to satisfy the obligations of Plaintiffs pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i).

Therefore, the Court denies Defendants' motion to compel on this issue.

**C.  Conclusion**

It appears from the parties' recent motions that they are not fully cooperating with one another during this discovery process. The parties are, moreover, expected to resolve such initial discovery disputes without unnecessarily resorting to Court intervention. The parties are urged to resolve future discovery disputes, if possible, before making application to the Court for relief.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motions to compel are **DENIED**.

DATED this 17th day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge