UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POINT RUSTON, LLC, et al., | |
| Plaintiffs, | CASE NO. C09-5232BHS |
| v. | |
| PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., | ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL AND DENYING DEFENDANT JOBS WITH JUSTICE'S MOTION FOR PROTECTIVE ORDER |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to compel production of documents (Dkt. 95) and Defendant Jobs With Justice's ("JWJ") counter-motion for a protective order (Dkt. 101). The Court reserved final ruling on these motions pending JWJ's response to the Court's show cause order regarding the motions (Dkt. 132). JWJ filed its response to the show cause order (Dkt. 145). The Court has considered the pleadings filed in support of and in opposition to these motions, the response to the show cause order, and the remainder of the file and hereby grants in part Plaintiffs' motion to compel and denies JWJ's counter-motion for a protective order as discussed herein.

ORDER - 1

## I. PROCEDURAL BACKGROUND

On April 21, 2009, Plaintiffs filed their complaint against Defendants. Dkt. 1. On May 22, 2009, Defendants answered (Dkt. 20) and then filed an amended answer on May 29, 2009. On June 17, 2009, the case was reassigned to the undersigned. Dkt. 32. On September 10, 2009, Plaintiffs filed a motion to compel production of documents. Dkt. 79. On September 21, 2009, JWJ filed its response to this motion (Dkt. 83) and Plaintiffs replied on September 25, 2009 (Dkt. 88). On September 30, 2009, the Court denied Plaintiffs' motion to compel (Dkt. 79) but permitted renewal of the motion should it become necessary. Dkt. 90.

On October 27, 2009, Plaintiffs renewed their motion to compel production of documents (Dkt. 95) for which a response was filed on November 9, 2009 (Dkt. 109) and Plaintiffs replied on November 13, 2009 (Dkt. 117). On October 29, 2009, JWJ filed a countermotion for protective order (Dkt. 101) regarding the same materials in Plaintiffs' motion to compel (Dkt. 95). On November 9, 2009, Plaintiffs filed a response to the counter-motion for protective order (Dkt. 106), and on November 13, 2009, JWJ replied (Dkt. 111).

On December 18, 2009, the Court entered a preliminary order on these motions (Dkts. 95 and 101). Dkt. 132. In that order, the Court ordered JWJ to show cause why certain of these documents should be protected under the work product doctrine. On January 12, 2010, JWJ filed its response to the show cause order. Dkt. 144 (supporting this response with the Declaration of Jacob Carton, Dkt. 145).

## II. FACTUAL BACKGROUND

This matter arises out of a general construction contractors' allegations that the Defendants engaged in secondary boycott activities and engaged in several state law violations, to include such illegal activity as trespass and defamation. See generally Dkt. 76 (setting out detailed factual record). This Court has jurisdiction over the secondary boycott claim based on federal question jurisdiction under 28 U.S.C. § 1331 and over the

1  supplemental state law claims pursuant to 28 U.S.C. § 1367. See Dkt. 56 (discussing the
2  jurisdictional basis of this case).

3  The instant matter before the court concerns one issue for which the Court deferred
4  ruling on until JWJ responded to the Court's show cause order. Dkt. 132 at 11. That issue
5  is whether or not the documents sought by Plaintiffs should be protected under the work
6  product doctrine, as argued for by Defendants. *See, e.g., id.*

### III. DISCUSSION

The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3). Pursuant to the doctrine, documents and tangible things prepared by or for a party, or the party's representative, in anticipation of litigation are protected from discovery. *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). A representative of a party includes the party's attorney, consultant, or agent. *See* Fed. R. Civ. P. 26(b)(3).

> [T]o qualify for protection against discovery under Rule 26(b)(3), documents must have two characteristics: (1) they must be "prepared in anticipation of litigation or for trial," and (2) they must be "prepared by or for [the] party [seeking the protection] or by or for that . . . party's representative."

*In re Grand Jury Subpoena*, 357 F.3d at 907 (quoting Fed. R. Civ. P. 26(b)(3)) (citations omitted).

Where an objection to discovery requests on the basis of the work product doctrine is made, the objecting party must supply a privilege log that details all such documents. The burden of proof lies with the proponent of the privilege and each document must be tested against the adequacy of the party's privilege log and supporting material. The log should conform to the guidelines set forth in the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 26(b), advisory committee notes to 1993 amendments ("the party must provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection").

"When there is a true independent purpose for creating a document, *work product protection is less likely*, but when two purposes are profoundly interconnected, the

analysis is more complicated." *In re Grand Jury Subpoena*, 357 F.3d at 908 (emphasis added). Documents may be protected by the work product doctrine if, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Id.* at 910. Stated differently, even if a document has some purpose other than for litigation or trial, the document is protected as work product if it is substantially infused with litigation purpose. *See id*.

Previously the Court ordered JWJ to show cause on how the work product doctrine applied to the particular documents at issue. Dkt. 132. In the show cause order, the Court informed JWJ that it was inclined to grant Plaintiffs' motion to compel "unless JWJ can be more focused in establishing with some particularity why or how these documents are actually work product . . . ." Dkt. 132 at 10. In the show cause order, the Court noted that the privilege log did not adequately describe the documents that Defendants sought to withhold under the work product doctrine.

Plaintiffs responded to the show cause order. Dkt. 144. This response is supported by declaration. Dkt. 145, Declaration of Jacob Carton (Carton Decl.). Mr. Carton explains in his declaration why JWJ believes certain documents sought by Plaintiffs are subject to work product protections. *See* Carton Decl. ¶¶ 1-6. Mr. Carton states that these documents were prepared in anticipation of litigation. The documents that Mr. Carton is referring to are Bates Nos. 6753-6755, 6756-57, 6759-6766, 6849-52, 6906, 7098, 7111, 7132-33, 7172-7173. Carton Decl. ¶ 5 (JWJ's privilege log detailing the nature of each of these documents).

JWJ's privilege log, embedded in the Carton Declaration, supports the Court's preliminary conclusion (Dkt. 132 at 10-11) that these documents were not actually prepared in anticipation of ligation. At most, these documents may have been prepared with the dual purpose of coordinating free speech activities and in anticipation of litigation with Plaintiffs. *See, e.g.,* Carton Decl. ¶ 5. As an example, in describing these

1  documents, JWJ claims the documents were given to counsel for "legal vetting" but that
2  the documents were prepared by JWJ for determining, among other things, "methods to
3  deliver free speech message" and to "draft prose to illustrate potential free speech." JWJ
4  appears to propose the following rule: once litigation is anticipated, a party need only
5  pass documents created for other purposes by their attorney for "legal vetting" in order to
6  have the documents protected as work product. This is not the rule. *See* Fed. R. Civ. P.
7  26(b)(3).

Even if the Court found that these documents served a true dual purpose, the documents are only able to be protected when, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *In re Grand Jury Subpoena*, 357 F.3d at 910. JWJ has not shown such infusion between these documents. Moreover, JWJ has not provided authority for the proposition that the work product doctrine protects documents created after they anticipated litigation, provided, however, the documents are passed by counsel for "legal vetting."

On the other hand, JWJ asserts attorney-client privilege with respect to some words written on certain documents, Bates Nos. 6906, 7098, 7111, and 7132-33. To the extent these words represent communications between JWJ and its counsel, they are subject to the attorney-client privilege and may be redacted as such.

Because the Court is not persuaded by JWJ's argument for complete protection of the documents with Bates Nos. 6753-6755, 6756-57, 6759-6766, 6849-52, 6906, 7098, 7111, 7132-33, 7172-7173, the Court concludes these documents are to be disclosed within eight days of this order and may only be redacted for attorney-client privilege or first-amendment privilege consistent with the Court's prior ruling (Dkt. 132).

## III. ORDER

Therefore, it is hereby

**ORDERED** that, as discussed herein, Plaintiffs' motion to compel (Dkt. 95) is **GRANTED** in part; JWJ's motion for protective order (Dkt. 101) is **DENIED;** and JWJ must disclose the relevant documents within eight days of this order.

DATED this 18th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge