# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| POINT RUSTON, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., <br><br> Defendants. | CASE NO. C09-5232BHS <br><br> ORDER STAYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. 162) and Plaintiffs motion to supplement the record (Dkt. 189). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby stays Defendants' motion for summary judgment and grants Plaintiffs' motion to supplement the record for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 21, 2009, Plaintiffs filed their complaint against Defendants. Dkt. 1. On May 22, 2009, Defendants answered. On May 29, 2009, Defendants amended their answer. Dkt. 23. On June 17, 2009, this matter was reassigned to the undersigned. Dkt. 32. On January 28, 2010, Defendants filed the instant motion for summary judgment. Dkt. 162. On February 12, 2010, Plaintiffs responded to the instant motion for summary

ORDER - 1

judgment. Dkt. 173. On February 19, 2010, Defendants replied. On February 25, 2010, Plaintiffs filed a surreply to address, they contend, a new issue brought up in the Defendants' reply brief. Separately, on February 18, 2010, the Court ordered Defendants to produce additional documents to Plaintiffs. Dkt. 180.

## II. FACTUAL BACKGROUND

A thorough recitation of the facts can be found at Dkt. 76. As it pertains to the instant motions, Defendants allege that Plaintiffs, thus far, have failed to produce "competent damages evidence." Dkt. 162 at 2. Additionally, in Defendants' reply brief on their motion for summary judgment, Defendants allege that Plaintiffs have, thus far, failed to establish "competent evidence of causation." Dkt. 181 at 2.

## III. DISCUSSION

**A.  Summary Judgment**

Defendants move for summary judgment on Plaintiffs' claims for their alleged failure to produce sufficient evidence on the issues of damages and causation. Dkts. 162, 181. Plaintiffs request that the Court either deny Defendants' motion as premature or grant a continuance until additional discovery is completed pursuant to Rule 56(f). Dkts. 173, 186. Fed R. Civ. P. 56(f) reads as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"[S]ummary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). Rule 56(f) is "an additional safeguard against an improvident or premature grant of summary judgment and the rule generally

has been applied to achieve that objective." 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc.* § 2740 (3d ed. 2004).

In opposition to summary judgment and in support of its Rule 56(f) motion, Plaintiffs contend that more discovery is needed to adequately respond to Defendants' summary judgment motion. Dkt. 173 at 12. In doing so, Plaintiffs note that their depositions of Defendants' representatives will not be completed until April 9, 2010, at the earliest. Dkt. 174, Declaration of Richard C. Hunt (Hunt Decl.) ¶ 6. Plaintiffs also note that Depositions of key Plaintiffs' witnesses, such as Michael Cohen and a 30(b)(6) witness, still need to be conducted. Plaintiffs contend that these depositions will "be crucial regarding the cause and amount of plaintiffs' actual damages." Further, Plaintiffs contend, the recent production of documents ordered by the Court (Dkt. 180) will likely yield more information that will be useful to support Plaintiffs' claims. *See* Dkt. 190, Hunt Decl. (including exhibits supporting motion for extension of time to supplement record, Dkt. 189).

The Court is unpersuaded by Plaintiffs' request for a continuance based on the depositions of persons who possess knowledge that is reasonably within Plaintiffs' control, such as Michael Cohen. However, the Court is satisfied that Plaintiffs have adequately specified why they should be provided more time to obtain additional discovery of evidence that is allegedly within the Defendants' control. Further, the Court recently ordered Defendants to produce additional documents that may prove helpful to Plaintiffs' opposition to summary judgment. The Court is unwilling, at this time, to find that additional discovery would be "fruitless" in aiding Plaintiffs in proving whether they have a viable claim relevant to the issues of causation and damages. *See, e.g., Jones*, 393 F.3d at 930.

**B.     New Arguments In Reply Brief**

When the moving party on summary judgment raises new evidence in a reply as a basis for granting summary judgment, the district court should give the nonmoving party

an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Plaintiffs assert, and the Court agrees, that Defendants originally based their motion for summary judgment solely on the issue of damages and not causation. *See* Dkt. 162 at 2 (asserting that Plaintiffs' "failure to produce competent evidence on the essential element of damages" is fatal to Plaintiffs' claims); *but see* Dkt. 182 at 1 (reply brief on summary judgment adding issue of causation). On this basis, Plaintiffs contend that they should be granted leave to supplement the record on the issue of causation. Dkt. 186.

In the interest of judicial economy, the Court should consider any theory that would support the granting of summary judgment rather than leaving an issue for trial that might have been decided in advance. Accordingly, the Court concludes that Defendants should be permitted to amend their motion for summary judgment in order to include the issue of causation and Plaintiffs should be given an opportunity to fully respond.

**C. Conclusion**

The Court, therefore, stays Defendants' summary judgment motion until April 23, 2010. The Parties may amend their briefing on summary judgment. Defendants' amended summary judgment motion may be filed on or before April 23, 2010, with responsive briefing to follow in accord with the rules.

**IV. ORDER**

Therefore, it is hereby

**1. ORDERED** that Defendants' motion for summary judgment (Dkt. 162) is **STAYED** as discussed herein.

**2. ORDERED** that Plaintiffs' motion to supplement the record on the issue of causation (Dkt. 189) is **GRANTED** as discussed herein.

DATED this 4th day of March, 2010.

BENJAMIN H. SETTLE
United States District Judge