UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POINT RUSTON, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., <br><br> Defendants. | CASE NO. C09-5232BHS <br><br> ORDER GRANTING MOTION TO DISMISS PARTY AND DENYING MOTION TO COMPEL DEPOSITION |

This matter comes before the Court on Plaintiff Point Ruston's motion to dismiss claims against Jobs with Justice ("JWJ") (Dkt. 197), Defendants the Carpenters' motion to compel Michael A. Cohen's testimony regarding terms of settlement (Dkt. 228), and the Carpenters' motion for summary judgment on Point Ruston's claims of vicarious liability for the alleged conduct of JWJ. (Dkt. 290). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to dismiss JWJ (Dkt. 197), denies the motion to compel testimony (Dkt. 228), and grants the Carpenters' motion for summary judgment (Dkt. 290), for the reasons discussed herein.

ORDER - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

For a more complete factual background on this case, see the Court's September 8, 2009, order denying judgment on the pleadings (Dkt. 76). In short, this matter arises out of Point Ruston's allegations of defamation, trespass, and trespass to chattels. *Id*. The instant motions involve the parties' disagreement over whether Point Ruston and JWJ must disclose the terms of their settlement and/or whether JWJ and the Carpenters are jointly and severally liable for the claims Point Ruston has alleged against them.

On April 13, 2010, Point Ruston moved to dismiss JWJ pursuant to their settlement. Dkt. 197. On April 21, 2010, the Carpenters responded. Dkt. 204. On April 27, 2010, JWJ replied. Dkt. 220.

On May 3, 2010, the Carpenters moved the Court to compel the deposition of Michael A. Cohen regarding the terms of settlement between JWJ and Point Ruston. Dkt. 228. On May 14, 2010, Point Ruston responded. Dkt. 249. On May 17, 2010, JWJ responded. Dkt. 252. On May 19, 2010, the Carpenters replied. Dkt. 261.

On June 3, 2010, the Court held a telephonic conference on this matter and other pending motions. Dkt. 281.

On June, 4, 2010, the Carpenters moved for summary judgment on Point Ruston's claims of vicarious liability for JWJ's alleged conduct. Dkt. 290.

## II. DISCUSSION

Point Ruston and JWJ entered into a settlement and release of JWJ from liability. *See* Dkt. 197. The Carpenters argue that the terms of this settlement are subject to a reasonableness hearing under RCW 4.22.060. In opposition, Point Ruston and JWJ argue that RCW 4.22.070 controls. The choice of applying one statute over the other depends on whether joint and several liability exists.

As a general matter, in cases of multiple defendants, a settlement prior to adjudication will destroy any joint and several liability and, therefore, prevent application

ORDER - 2

of RCW 4.22.060 (requiring joint and several liability as a factual predicate before it can be applied). In 1986, Washington adopted the Tort Reform Act, which included enacting RCW 4.22.070. This statute effectively abolished "joint and several liability in most circumstances in favor of proportionate liability." *Kottler v. State*, 136 Wn.2d 437, 443 (1998) (citing Laws of 1986, ch. 305; *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 294 (1992)); *see also Standing Rock Homeowners Ass'n v. Misich*, 106 Wn. App. 231, 245. In *Standing Rock*, the court determined that

> RCW 4.22.070, the centerpiece of the 1986 amendatory package, requires all liability be apportioned unless a listed exception applies in which case joint and several liability is retained [and that joint] and several liability would apply *if the defendants had been acting in concert* or the claimant was free of fault, and judgment had been entered against each defendant.

*Id*. (emphasis added).

This case might involve the application of RCW 4.22.060 if it could be shown that JWJ and the Carpenters had acted in concert with each other or had some sort of agency relationship wherein the two parties were responsible for the alleged defamation, trespass, and trespass to chattels claims made by Point Ruston. *See Standing Rock*, 106 Wn. App. at 245. However, this is not the case presented.

In fact, on June 4, 2010, the Carpenters moved the Court for an order of summary judgment on the issues of vicarious liability for JWJ's alleged conduct that gave rise to this action. Dkt. 290. The Carpenters, by filing this motion, have effectively taken the position that joint and several liability does not exist between them and JWJ. JWJ agrees with this position and notes that the Carpenters established this fact through the deposition of Jacob Carton. *See* Declaration of William C. Gibson (Gibson Decl), Dkt. 253, ¶ 2 (declaring that no evidence existed to establish that the Carpenters were involved with any defamatory statements allegedly caused by JWJ); *see also* Gibson Decl. ¶ 3 (declaring that no evidence exists that JWJ was involved with the alleged trespass or trespass to chattels). Notably, this position now taken by the Carpenters is contrary to

ORDER - 3

their prior position that they and JWJ are jointly and severally liable, which, if true, might entitle the Carpenters to know the extent of the settlement between JWJ and Point Ruston pursuant to RCW 4.22.060. *See* Dkt. 228 (arguing that JWJ and the Carpenters are jointly and severally liable, thereby entitling it to knowledge of the terms of settlement between Point Ruston and JWJ). The Carpenters cannot have it both ways.

In light of these facts and the fact that Point Ruston has taken the position that it is "seeking recovery for separate harms" from JWJ and the Carpenters, the Court finds that the parties all agree that JWJ and the Carpenters are not jointly and severally liable for the alleged harms suffered by Point Ruston. *See, e.g.,* Dkt. 249 at 2. Indeed, Point Ruston argues that the factual predicate for joint and several liability cannot exist where it seeks "recovery for separate harms" from the named Defendants. *Id.* Because the parties agree that joint and several liability does not exist between JWJ and the Carpenters, the Court concludes that this fact also supports granting summary judgment on the issue of vicarious liability. *See id*. (Point Ruston's decision to seek recovery only for separate alleged harms prevents it from taking the position that the Carpenters could be held vicariously liable for the alleged actions of JWJ).

Therefore, given Point Ruston's explicit concession that it does not seek to recover on a theory of joint and several liability the Court can now resolve the instant motions.

### III. ORDER

Therefore, it is hereby **ORDERED** that

1. Point Ruston's motion to dismiss claims against JWJ (Dkt. 197) is **GRANTED**;

2. The Carpenters' motion to compel deposition testimony of Michael A. Cohen regarding the terms of settlement between JWJ and Point Ruston (Dkt. 228) is **DENIED**; and

1        3.     The Carpenters' motion for summary judgment against Point Ruston as to its claims of vicarious liability for JWJ's alleged conduct (Dkt. 290) is **GRANTED**.

DATED this 21st day of June, 2010.

_[signature]_
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5