UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POINT RUSTON, LLC, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PACIFIC NORTHWEST REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,<br><br>        Defendants. | CASE NO. C09-5232BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION AND REQUEST FOR LEAVE TO DESIGNATE DAMAGES EXPERTS; AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME FOR MEDIATION TO OCCUR |

    This matter comes before the Court on Defendants' (the "Carpenters") motion to compel production and request for leave to designate damages experts (Dkt. 224); and the Carpenters' motion to extend deadline for mediation (Dkt. 371). The Court issues this order to reiterate its decisions made via telephone conference on August 12, 2010.

**I. DISCUSSION**

    For a more complete factual background of this case, see the Court's order denying in part and granting in part judgment on the pleadings. Dkt. 76. On April 30, 2010, the Carpenters filed a motion to compel and for leave to designate damage experts. Dkt. 224. On August 2, 2010, the Carpenters filed an emergency motion for extension of time to

ORDER - 1

conduct mediation. Dkt. 371. Both of these motions were disposed of during a teleconference held on August 12, 2010. *See* Dkt. 408.

**A.    Motion to Compel Production of Documents**

During the teleconference the Court ordered Point Ruston to produce the requested documents to the extent the same are available. *See* Dkt. 224 (defining documents sought for production). However, the Court ordered Carpenters to send a representative to opposing counsel's office within ten days to complete the production.

Point Ruston made an oral motion at that time to have the production be bilateral, in that the Carpenters have a continuing obligation to produce documents relevant to its discovery requests. While the Court declined to issue such an order, it did remind the parties that they each have a continuing obligation to supplement their discovery responses in accord with the rules of civil procedure.

**B.    Request for Leave to Designate Damages Experts**

During the teleconference, the Court denied the Carpenters' request to designate damage experts because the motion was untimely and because they did not show good cause for extending the deadline. The Court highlighted the fact that damages has long been known to be an issue in this matter and that the parties should have addressed this issue in advance of the motion to extend the deadline (Dkt. 224).

**C.    Motion to Extend Deadline for Mediation**

During the teleconference, the parties discussed the Carpenters' emergency motion to extend the deadline for mediation (Dkt. 371). The parties jointly requested an extension to the deadline to conduct mediation to August 31, 2010, and the Court accepted this proposed deadline as a resolution. Therefore, the Court need not issue a separate order on Dkt. 371; it is resolved.

**II. ORDER**

Therefore, it is hereby **ORDERED** that

1. The Carpenters' motion to compel production of documents and request for leave to designate damages experts (Dkt. 224) is **GRANTED in part and DENIED in part**, to the extent discussed herein and during the teleconference; and

2. The Carpenters' request to extend the deadline for mediation (Dkt. 371) is **GRANTED** and the deadline is hereby extended to August 31, 2010.

DATED this 23rd day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3